ORIGINAL

```
 1 | ANDRÉ BIROTTE JR.
   | United States Attorney
 2 | SHERI PYM
   | Assistant United States Attorney
 3 | Chief, Riverside Branch Office
   | JERRY C. YANG (Cal. State Bar No. 241323)
 4 | Assistant United States Attorney
   |      3880 Lemon Street, Suite 210
 5 |      Riverside, California 92501
   |      Telephone: (951) 276-6221
 6 |      Facsimile: (951) 276-6237
   |      E-mail: jerry.yang@usdoj.gov
 7 |
   | Attorneys for Plaintiff
 8 | United States of America
```

FILED
CLERK, U.S. DISTRICT COURT
JUL 15 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. E10MJ179 |
| Plaintiff, | |
| v. | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| EMOND DUREA LOGAN, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds</u>:

        a. offense committed while defendant was on release pending (felony trial), (sentencing) (appeal) or on (probation) (parole);

|   |   |   |   |
|---|---|---|---|
| | \_\_\_\_\_ | b. | alien not lawfully admitted for permanent residence; |
| | \_\_\_\_\_ | c. | flight risk; |
| | \_\_\_\_\_ | d. | danger to community. |
| \_\_\_\_\_ | 2. | | **Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure against**: |
| | \_\_\_\_\_ | a. | danger to any other person or the community; |
| | \_\_\_\_\_ | b. | flight. |
| X | 3. | | **Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))**: |
| | X | a. | Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | X | b. | Defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| \_\_\_\_\_ | 4. | | **Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))**: |
| | \_\_\_\_\_ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | \_\_\_\_\_ | b. | offense under 18 U.S.C. § 924(c) (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b |

|   |   |    |   |
|---|---|----|---|
| 1 |   |    | (presumption of danger to community and flight |
| 2 |   |    | risk); |
| 3 | ____ | c. | offense involving a minor victim under 18 U.S.C. |
| 4 |   |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, |
| 5 |   |    | 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)- |
| 6 |   |    | 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 |
| 7 |   |    | (presumption of danger to community and flight |
| 8 |   |    | risk); |
| 9 | ____ | d. | defendant currently charged with (I) crime of |
| 10 |   |   | violence, (II) offense with maximum sentence of |
| 11 |   |   | life imprisonment or death, (III) Title 21 or |
| 12 |   |   | MDLEA offense with 10-year or greater maximum |
| 13 |   |   | sentence, or (IV) any felony if defendant |
| 14 |   |   | previously convicted of two or more offenses |
| 15 |   |   | described in I, II, or III, or two or more state |
| 16 |   |   | or local offenses that would qualify under I, II, |
| 17 |   |   | or III if federal jurisdiction were present, or a |
| 18 |   |   | combination of such offenses, AND defendant was |
| 19 |   |   | previously convicted of a crime listed in I, II, |
| 20 |   |   | or III committed while on release pending trial, |
| 21 |   |   | AND the current offense was committed within five |
| 22 |   |   | years of conviction or release from prison on the |
| 23 |   |   | above-described previous conviction (presumption |
| 24 |   |   | of danger to community). |
| 25 | X | 5. | Government Is Entitled to Detention Hearing |
| 26 |   |   | Under § 3142(f) If the Case Involves: |
| 27 | ____ | a. | a crime of violence (as defined in 18 U.S.C. |
| 28 |   |   |   |

|   |    |                                                                                                                                                                                                         |
|---|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |    | § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;                                                     |
| ___ | b. | an offense for which maximum sentence is life imprisonment or death;                                                                                                                                     |
| ___ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;                                                                                                                  |
| ___ | d. | instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| ___ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| X  | f. | serious risk defendant will flee;                                                                                                                                                                        |
| ___ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).                                            |

```
 1        ____   6.   Government requests continuance of _____ days for
 2                    detention hearing under § 3142(f) and based upon the
 3                    following reason(s):
 4                    _____
 5                    _____
 6                    _____
 7        ____   7.   Good cause for continuance in excess of three days
 8                    exists in that:
 9                    _____
10                    _____
11                    _____
12
13   DATED: July 15, 2010              Respectfully submitted,
14
                                       ANDRÉ BIROTTE JR.
15                                     United States Attorney

16                                     SHERI PYM
                                       Assistant United States Attorney
17                                     Chief, Riverside Branch Office

18                                     _____
19                                     JERRY C. YANG
                                       Assistant United States Attorney
20
                                       Attorneys for Plaintiff
21                                     UNITED STATES OF AMERICA
```

5